IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 315-013 |
| | * | |
| REX ANTHONY CLARK | * | |

O R D E R

On September 21, 2021, Defendant Rex Anthony Clark filed a motion for reduction of sentence under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. Upon review and application of the relevant law, the Court denies the requested relief.

The compassionate release provision of § 3582(c)(1)(A) provides authority to a district court to reduce a defendant's sentence for "extraordinary and compelling circumstances." In consideration of a compassionate release motion, the Court must follow the applicable Policy Statement issued by the United States Sentencing Commission, U.S.S.G. § 1B1.13.  See 18 U.S.C. § 3582(c)(1)(A); United States v. Bryant, 996 F.3d 1243, 1262 (11th Cir. 2021) ("[D]istrict courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13."). Section 1B1.13 provides that in addition to the existence of extraordinary and compelling reasons, the defendant must not present a danger to the safety of any other person or the community. The Application Note to the Policy Statement lists

three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). The Application Note also provides a catch-all category: "<u>As determined by the Director of the Bureau of Prisons</u>, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. <u>Id.</u> n.1(D) (emphasis added). Because the Court has no indication that the BOP Director sanctions Defendant's release, this category is inapplicable.

Through his motion, Defendant argues that the following extenuating circumstances, considered in the aggregate, constitute extraordinary and compelling circumstances warranting relief: the prison transfers necessitated by tornado damage to FCI Estill, the contraction of COVID-19 while in prison, the failure of the Bureau of Prisons to provide rehabilitative services because of the pandemic, the mental anguish and threat of physical harm in prison resulting from Defendant's cooperation with the Government, and his rehabilitative record. Defendant contends that the circumstances of his confinement have been "unduly harsh" and he is therefore entitled to a forty-month reduction of sentence. (<u>See</u> <u>generally</u> Def.'s Mot. for Reduction of Sentence, Doc. No. 361.)

In support of his motion, Defendant insists that this Court has discretion to consider circumstances outside of the specific

categories of Policy Statement § 1B1.13. The Eleventh Circuit squarely foreclosed Defendant's argument in the Bryant case, to which this Court is bound. 996 F.3d at 1248 (holding that district courts do not have discretion to develop "other reasons" that might justify a reduction in a defendant's sentence outside of Policy Statement § 1B1.13). Upon review of Defendant's motion, none of the listed reasons fall within the categories in Policy Statement § 1B1.13; thus, the Court is without authority to reduce Defendant's sentence.[1]

Defendant has the burden of demonstrating his circumstances warrant compassionate release. See United States v. Granda, 852 F. App'x 442, 446 (11th Cir. 2021). Because he has not set forth extraordinary and compelling circumstances as delineated by Policy Statement § 1B1.13, Defendant has not carried this burden.

Further, upon consideration of the sentencing factors of 18 U.S.C. § 3553(a), the Court would not grant the requested relief. In particular, the history and characteristics of this Defendant demonstrate a complete lack of respect for the law and for the

---

[1] The Court notes here that while the medical condition of a prisoner is a relevant consideration under Policy Statement § 1B1.13, the application note provides that the medical condition must "substantially diminish[] the ability of the defendant to provide self-care within" the prison. U.S.S.G. § 1B1.13 n.1(A)(ii). Defendant presents no evidence or argument in this regard. Moreover, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

community at large. As a career offender, Defendant's criminal history includes six drug convictions, five convictions for driving with a suspended license, four convictions for fleeing or eluding a police officer, three convictions for obstruction, two convictions for battery, two convictions for driving under the influence, one conviction for possession of a firearm by a felon, and one conviction for theft of a motor vehicle. Beyond that, Defendant had 12 other arrests from 1995 through 2010. Simply put, Defendant is a scofflaw, and the Court cannot conclude that he does not pose a danger to the community. Finally, Defendant has over four and half years remaining on his sentence. A reduction in sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence.[2]

Upon the foregoing, Defendant Clark's motion for compassionate release (doc. no. 361) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this _____ day of October, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Notably, Defendant already received a downward departure from the applicable guideline range.

4